FILED
BILLINGS, MT

2006 FEB 10  AM 9 02

PATRICK E. DUFFY, CLERK

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| HENDERSON DuVAL HOUGHTON, ) | Cause No. CV 05-140-BLG-RWA |
| ) | |
| Plaintiff, · ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| PAM BUNKI; SHANNON WIDDICOMBE;) | |
| CARY PRIBNOW; and MIKE ) | |
| SULLIVAN, ) | |
| ) | |
| Defendants. ) | |

On October 4, 2005, Plaintiff Henderson Houghton filed this
action under 42 U.S.C. § 1983.  He is a federal prisoner proceeding
*pro se*.  Pursuant to a settlement agreement in another case, *see*
Stipulation and Order of Dismissal at 1, ¶ 2, *Houghton v. Nybo*, No.
CV 03-27-H-SBC (D. Mont. Aug. 5, 2005), the Court will, for present
purposes, consider the instant Complaint to have been filed on
January 15, 2001.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in
forma pauperis* and proceedings by prisoners, federal courts must

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

## II. Houghton's Allegations

Houghton's first claim alleges a violation of Glenn Allen Nelson's rights.

Houghton's second claim alleges that evidence was taken from his home when state officers searched it in connection with Nelson's status as a probationer. He also contends that the evidence seized, as well as the false testimony of Defendants Widdicombe, Pribnow, and Sullivan, was used against him in a federal criminal trial and that he was convicted and sentenced to prison. *See generally* Compl. (doc. 1) at 13-18.

## III. Analysis

### A. Houghton's Claims

Houghton is barred from proceeding with an action under 42 U.S.C. § 1983 at this time, under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). There, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence *has been* reversed." *Id.* at 486-87 (emphases added).

Houghton claims that the search of his home was overbroad and led to the unlawful seizure of evidence that was used against him at trial. He also contends that Defendants Widdicombe, Pribnow,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

and Sullivan testified falsely against him in order to secure his conviction. If any of those claims is true, then Houghton's conviction and sentence are invalid. Consequently, he must first obtain the reversal of his conviction before he is permitted to proceed with his claims under § 1983. This action must be dismissed.

## B. Nelson's Claims

Houghton asserts that Nelson gave him a power of attorney "to act on my behalf in any civil action he sees fit to file." A power of attorney allows Houghton to hire counsel to act for Nelson and to make litigation decisions on his behalf. See Mont. Code Ann. § 72-31-232 (2001). It does not allow Houghton to prepare, sign, and file documents with the Court on Nelson's behalf. That is the practice of law. Notwithstanding the state statute, this Court determines who may practice law. Houghton is not a member of the Bar of this Court. He may not file a pleading on Nelson's behalf. Nelson is not, therefore, a plaintiff in this action, and the Court need not discuss the claims asserted on his behalf.

### RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Houghton's Complaint (doc. 1) be DISMISSED WITHOUT PREJUDICE because it fails to state a claim on which relief may be granted at

this time, and the docket should reflect that his filing of this action counts as one strike against him, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived.

DATED this ___10___ day of February, 2006.

Richard W. Anderson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5